J-S28028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BURL F. HOSIER, JR. | : | |
| | : | |
| Appellant | : | No. 2493 EDA 2023 |

Appeal from the Judgment of Sentence Entered August 22, 2023
In the Court of Common Pleas of Carbon County Criminal Division at
No(s): CP-13-CR-0000879-2021

BEFORE: STABILE, J., MURRAY, J., and LANE, J.

MEMORANDUM BY MURRAY, J.: **FILED SEPTEMBER 6, 2024**

Burl F. Hosier, Jr. (Appellant), appeals from the judgment of sentence entered following his guilty plea to possession with intent to deliver a controlled substance (PWID).[1] Appellant's public defender counsel (Counsel) has filed a motion to withdraw from representation and accompanying brief in accordance with ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). Additionally, Appellant has filed a *pro se* application for relief. We deny Appellant's application for relief, grant Counsel's motion to withdraw, and affirm the judgment of sentence.

_____

[1] 35 P.S. § 780-113(a)(30).

On June 20, 2022, Appellant entered an open guilty plea to PWID.[2] The trial court accepted Appellant's plea and deferred sentencing for preparation of a pre-sentence investigation report.

The trial court summarized what next transpired:

> On October 20, 2022, Appellant filed a "Motion to Withdraw Guilty Plea." In this motion, Appellant [sought] to withdraw his guilty plea for the following reasons: (a) when he was arrested, Appellant did not possess drugs with the intent to deliver them; (b) Appellant learned, on the day before sentencing, that prior to his arrest[,] his girlfriend had been engaging in a relationship with [Appellant's] arresting officer; (c) Appellant was informed by his girlfriend that during the period of this relationship, the officer had convinced Appellant's girlfriend to illegally [] record conversations which occurred within Appellant's home; and (d) Appellant believes, and therefore avers, that his arrest and the charges subsequently filed against him are the fruits of the aforementioned illegal surveillance activity. A hearing to consider Appellant's withdrawal motion was scheduled for December 22, 2022. Appellant failed to appear for this hearing[,] and the motion was dismissed.
>
> On February 3, 2023, Appellant filed a "Motion to Reinstate Defendant's Motion to Withdraw Guilty Plea," in which he averred that the hearing notice, which was sent to his Allentown address, was never received because he was incarcerated in the Lehigh County Prison at the time it was mailed. As a consequence, Appellant requested that his "Motion to Withdraw Guilty Plea" be reinstated. On February 6, 2023, an Order was entered directing Appellant to appear for a hearing relat[ed] to his withdrawal motion which, after multiple continuances, was scheduled to convene on June 22, 2023.

---

[2] Appellant was originally charged with firearms not to be carried without a license, possession of a firearm with an altered manufacturer's number, possession of a controlled substance, and possession of drug paraphernalia. 18 Pa.C.S.A. §§ 6106(a)(1), 6110.2(a); 35 P.S. § 780-113(a)(16), (30). By stipulation, Appellant agreed to plead guilty to the amended charge of PWID in exchange for dismissal of the remaining charges.

At the withdrawal hearing, Appellant testified that he was represented by Assistant Public Defender Kara Beck, Esquire [(Attorney Beck)], at the time he negotiated his guilty plea. Appellant contends that Attorney Beck advised him that if he pled guilty to [PWID], the standard sentencing range would be a minimum of 12 months and a maximum of 36 months in county jail. Appellant further testified that it was not until he spoke to [Counsel] that he was informed that the lower end of the standard sentence for [PWID] is a minimum of 21 months. Appellant contends that he would have not entered a guilty plea had it not been for Attorney Beck's mischaracterization of the standard sentencing range and [Appellant's] ability to remain in a county facility.

Trial Court Opinion, 11/9/23, at 2-4 (citations to record omitted).

Because Appellant had not argued Attorney Beck misinformed him of the standard sentencing range in his original Motion to Withdraw Guilty Plea, the Commonwealth requested that the court reopen the record. The court granted the Commonwealth's motion and scheduled a hearing for June 27, 2023.

At the reconvened hearing, Attorney Beck testified that when she was assigned as counsel for Appellant, he was facing multiple charges, all with different sentencing guidelines. Attorney Beck further explained that Appellant has a very high prior record score and, therefore, she began to negotiate with the assistant district attorney in an effort to reach a new charge that would lower the sentence for Appellant so that he would still be charged with a felony offense[,] but would get lesser time in state prison given his prior record score. In her testimony, Attorney Beck explained that although she does not specifically recall what precise range of sentencing she discussed with [Appellant], she knows she was trying to get the sentence of 40 to 60 months cut in half; therefore, she believes she explained to Appellant that the sentencing guideline[s], if he accepted the plea, would fall between 20-27 months on the lower end. Attorney Beck also testified that she advised Appellant that he would receive a state [prison] sentence.

- 3 -

Appellant also testified at the hearing on July 27, 2023. In his testimony, Appellant admitted that Attorney Beck did advise him, regardless of whether he accepted the plea agreement…, he would likely be serving a state [prison] sentence. Appellant also admitted to answering "yes" at his guilty plea hearing … when the [c]ourt asked him if he understood that with regard to the charge of [PWID], the standard range of [the] sentencing guidelines calls for a sentence of anywhere between 21 and 27 months' incarceration on the low end[,] with a maximum of 120 months.

*Id.* at 4-5 (unnumbered) (citations to record omitted).

On August 22, 2023, the trial court denied Appellant's Motion to Withdraw Guilty Plea. On the same date, the court sentenced Appellant to 26 to 52 months in prison.

On September 12, 2023, Counsel filed a timely notice of appeal on Appellant's behalf. Counsel also filed a motion to withdraw from representation and for appointment of conflict counsel. Counsel argued Appellant's claim on appeal would challenge the effectiveness of Attorney Beck, and it would be a conflict of interest for Counsel to assert a claim against another member of the Public Defender's Office. The next day, the trial court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days. Counsel did not file a Rule 1925(b) concise statement on Appellant's behalf while the motion to withdraw was pending.

The trial court heard oral argument on Counsel's motion. Subsequently, on November 3, 2023, the trial court denied Counsel's motion to withdraw from representation and for appointment of conflict counsel. In its order, the

trial court explained that an ineffective assistance of counsel claim is not properly before the court on direct appeal, and should instead be deferred for review under the Post Conviction Collateral Relief Act (PCRA), *see* 42 Pa.C.S.A. §§ 9541-9546. Order, 11/3/23 at n.1. The court clarified that Appellant would be entitled to appointment of counsel on PCRA review. *Id.*

The trial court subsequently issued its Rule 1925(a) opinion, concluding that because Appellant waived all issues by failing to file a Rule 1925(b) concise statement. On November 13, 2023, Appellant, through counsel, filed a motion for leave to file a Rule 1925(b) concise statement, *nunc pro tunc*, citing the pendency of the motion to withdraw from representation. The trial court granted the motion to file a *nunc pro tunc* concise statement. In lieu of a Rule 1925(b) concise statement, Counsel stated his intention to file a motion to withdraw from representation. The trial court subsequently filed a supplemental Rule 1925(a) opinion.

On February 1, 2024, Counsel filed in this Court an **Anders** brief and a motion to withdraw as counsel.[3] Appellant did not file a *pro se* response. On April 2, 2024, this Court entered an order, noting that Counsel failed to attach to his motion to withdraw a copy of the letter sent to Appellant informing him of his right to proceed *pro se* or with retained counsel. This Court directed Counsel to send Appellant the requisite letter and to provide this Court with

_____

[3] The motion to withdraw was filed on February 2, 2024.

copies of the same. Additionally, we directed, "Appellant shall have sixty (60) days from the date of this Order to file a response to the **Anders** brief." Order, 4/2/24. On May 31, 2024, Appellant filed a *pro se* response, generally alleging various conflicts with Attorney Beck's representation, prosecutorial misconduct, and multiple shortcomings in Counsel's representation.[4]

We address Counsel's motion to withdraw before considering the issues raised in the **Anders** brief. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) ("When presented with an **Anders** brief, this Court may not review the merits of the underlying issue without first passing on the request to withdraw." (citation omitted)). Counsel seeking to withdraw from representation must

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he

---

[4] On July 29, 2024, Appellant filed a *pro se* application for relief alleging he was not made aware of this Court's April 2, 2024, order (directing him to respond to the **Anders** brief within 60 days) until July 16, 2024. **See** Application for Relief, 7/29/24, at 1 (unnumbered). Appellant requested additional time to file a response, and appointment of conflict counsel. **See id.** Despite Appellant's assertion that he did not receive this Court's prior order, we observe that Appellant's May 31, 2024, *pro se* document was filed as a response to the **Anders** brief, and specifically mentions the **Anders** brief. Additionally, in response to our order, Counsel attached the letter he sent to Appellant informing him of his right to proceed *pro se* or obtain alternate counsel. The letter informed Appellant that he would have to file a response within 60 days of this Court's April 2, 2024, order. Counsel included the certificate of mailing, reflecting that he mailed the letter to Appellant on April 2, 2024. Under these circumstances, we are unable to conclude that Appellant was ignorant of his time for filing a response to the **Anders** brief. We therefore deny his application for relief.

… has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*).  Pursuant to *Santiago*, counsel must also

(1) Provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* (citing *Santiago*, 978 A.2d at 361).  Once counsel has complied with the procedural requirements, we review the record and render an independent judgment as to whether the appeal is wholly frivolous.  *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Instantly, Counsel filed an *Anders* brief and a separate motion to withdraw.  In his motion, Counsel (who represented Appellant during portions of the underlying action) concluded Appellant's appeal is frivolous.  *See* Motion to Withdraw, 2/2/24.  Additionally, in compliance with this Court's April 2, 2024, order, Counsel provided copies of the letter he sent to Appellant, informing Appellant of Counsel's intention to withdraw, and advising Appellant of his right to retain new counsel or proceed *pro se* to raise additional claims. The record further reflects that Counsel furnished Appellant with copies of the motion to withdraw and the *Anders* brief.  The *Anders* brief summarizes the factual and procedural history of this appeal and explains Counsel's reasons

for concluding that the appeal is wholly frivolous. As Counsel has satisfied the procedural requirements of **Anders** and **Santiago**, we review the record to determine whether Appellant's appeal is wholly frivolous.

In the **Anders** brief, Counsel identifies the following issues:

I. Whether the [trial] court erred in denying [Appellant's] motion to withdraw his guilty plea to … [PWID] based upon his claim of not entering a knowing and intelligent plea[?]

II. Whether the [trial] court erred in denying [Appellant's] motion to withdraw his guilty plea to … [PWID] based upon his claim of ineffective assistance of counsel[?]

**Anders** Brief at 2-3.

First, Appellant claims the trial court erred by denying his pre-sentence motion to withdraw his guilty plea. **Id.** at 12-20. In part, Appellant argues that after entering his plea, he learned about his former girlfriend's alleged relationship with the police officer who arrested him. **See id.** at 15, 19. Appellant believes his girlfriend illegally recorded conversations in Appellant's home. **Id.** at 15; **see also** Motion to Withdraw Guilty Plea, 10/20/22, ¶ 5.[5]

Counsel states Appellant's "suggestion that his girlfriend may have surveilled his conversations, perhaps concerning drug[-]related activity, is irrelevant to the charge to which he entered a guilty plea." **Anders** Brief at 19.

_____

[5] Appellant also argues he should have been permitted to withdraw his guilty plea based on Attorney Beck's improper advice. Because this argument relates to his ineffective assistance of counsel claim, we will address it with Appellant's second issue.

While a pre-sentence motion to withdraw [a guilty plea] is to be liberally allowed, there is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

*Commonwealth v. Baez*, 169 A.3d 35, 39 (Pa. Super. 2017) (citation omitted); *see also* Pa.R.Crim.P. 591(A) ("At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant … the withdrawal of a plea of guilty … and the substitution of a plea of not guilty.").

Bare assertions of innocence do not compel a trial court to grant a pre-sentence motion to withdraw. *See Commonwealth v. Norton*, 201 A.3d 112, 120 (Pa. 2019) (discussing *Commonwealth v. Carrasquillo*, 115 A.3d 1284 (Pa. 2015)). Rather, "the innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." *Id.* (citing *Carrasquillo*, 115 A.3d at 1292).

Instantly, Appellant did not contend he was innocent of the offense to which he pled guilty. *See generally* Motion to Withdraw Guilty Plea, 10/20/22. Appellant instead argued his arrest was the fruit of illegally obtained evidence (*i.e.*, recorded conversations taped by his girlfriend). However, Appellant presented no evidence in his motion or during the hearing to support his assertion. We discern no abuse of the trial court's discretion in denying Appellant's motion to withdraw his guilty plea, where he did not

proffer a fair and just basis for withdrawal.  Thus, Appellant is not entitled to relief on his first claim.

In his second claim, Appellant asserts Attorney Beck rendered ineffective assistance in connection with his guilty plea.  Appellant's Brief at 21.  According to Appellant, Attorney Beck misinformed him of the relevant sentencing guidelines.  *Id.* at 20.  Further, Appellant claims he had a defense to the more serious gun charge, and therefore, counsel was ineffective for advising him to plead guilty.[6]  *Id.* at 21.

As Counsel correctly points out in the *Anders* brief, ineffective assistance of counsel claims must generally be raised on collateral review. *See Commonwealth v. Rosenthal*, 233 A.3d 880, 886 (Pa. Super. 2020) (stating an "ineffective assistance of counsel claim is not cognizable on direct appeal and must be deferred to collateral review under the [PCRA].").  Direct

---

[6] During the reconvened plea withdrawal hearing, the prosecutor stated the facts supporting the original firearms charges:

> [Y]ou were searched and you were found in possession of a .38 Special Revolver concealed in your right front pocket … and you didn't have a conceal[ed] carry permit and the serial numbers were obliterated[,] but you indicated it was your grandfather's but you were in possession of it[.]

N.T., 6/27/23, at 25.  Appellant responded that the firearm "was not a .38 Special.  They weren't manufactured at the time of that gun's manufacturing date[.]"  *Id.*  Similarly, in his *pro se* response to the *Anders* brief, Appellant characterizes the firearm as an "antique" and alleges it was inoperable. Response, 3/31/24, at 4 (unnumbered).

review of ineffective assistance claims is available only in limited circumstances:

> (i) in extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; (ii) where the defendant asserts multiple ineffective assistance claims, shows good cause for direct review of those claims, and expressly waives his entitlement to PCRA review before the trial court; and (iii) where the defendant is statutorily precluded from obtaining subsequent PCRA review.

*Id.* at 887 (citations and quotation marks omitted).

None of these exceptions apply to Appellant's case. Appellant's claims are not apparent from the record and meritorious. Appellant has not expressly waived his right to PCRA review, and the sentence imposed by the trial court does not statutorily prohibit him from seeking PCRA review. ***See id.*** Consequently, we decline to address Appellant's ineffectiveness claims on direct appeal.[7]

We turn next to the arguments Appellant raises in his *pro se* response to the ***Anders*** brief. Appellant alleges various missteps by his prior counsel. ***See*** Response, 5/31/24, at 1, 3 (unnumbered). Appellant also argues Attorney Beck had a conflict of interest by virtue of her subsequent employment by the District Attorney's Office. ***See id.*** at 1-2 (unnumbered). The remainder of Appellant's arguments are unclear. Appellant vaguely alleges prosecutorial misconduct in connection with an unspecified lab report.

---

[7] Appellant may seek relief through a timely filed PCRA petition.

*See id.* at 3-4 (unnumbered). Finally, Appellant restates his argument that the firearm was an inoperable antique. *See id.* at 4 (unnumbered).

As stated above, Appellant's ineffectiveness claims must be reserved for collateral review. Appellant's remaining claims are waived, as they are not sufficiently developed for our review, and his argument cites to no pertinent law. *See* Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent."); *see also Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014) (concluding that appellant waived his claim by failing to adequately develop his argument or provide citation to and discussion of relevant authority); *Commonwealth v. McMullen*, 745 A.2d 683, 689 (Pa. Super. 2000) (stating that "[w]hen the appellant fails to adequately develop his argument, meaningful appellate review is not possible." (citation omitted)).

Finally, we agree with Counsel's conclusion that Appellant's appeal is frivolous, and our independent review discloses no non-frivolous issues Appellant could raise on appeal. Accordingly, we grant Counsel's motion to withdraw and affirm Appellant's judgment of sentence.

Motion to withdraw granted. Application for relief denied. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/6/2024